UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANG NGUYEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM K. MARSHALL, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-05529-JSC<br><br>**ORDER OF TRANSFER** |

## INTRODUCTION

Plaintiff, a federal prisoner at the Federal Correctional Institute ("FCI") in Sudbury, Connecticut, proceeding without an attorney, filed this civil action claiming violations of her constitutional rights and state law at two of her former prisons, the Federal Detention Center ("FDC") in Miami, Florida, and FCI Dublin in Dublin, California. (ECF No. 1.) After reviewing the complaint pursuant to 28 U.S.C. § 1915A, for the reasons discussed below, the case is TRANSFERRED to the United States District Court for the Southern District of Florida.

## BACKGROUND

Plaintiff arrived at FCI Miami on January 7, 2023, was transferred to FCI Dublin on December 27, 2023, returned to FCI Miami on March 15, 2024 (when FCI Dublin was closed), and then was transferred to FCI Danbury on September 19, 2024, where she remained when she filed this case. (ECF No. 1 at 2, 4.)

On the form complaint, she lists two claims for violation of her constitutional rights: first, that she was deprived of adequate medical care under the Eighth Amendment at FCI Dublin, and second, that her right to due process under the Fifth Amendment was violated at FDC Miami. (*Id.* at 2.)[1] She attaches five pages to the form complaint in which she makes additional claims under

---

[1] On the form complaint, Plaintiff lists another "claim" that states, "I am asking to consider [the] totality of [the] circumstances due to violations of 1st, 5th, 8th, & 14th Amendment rights."

both the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971) (finding a private right of action may be implied from the Constitution itself for constitutional violations by federal employees or their agents). (ECF No. 1 at 4.) These claims are: false imprisonment, violation of her right to due process, denial of access to courts, negligent infliction of emotional distress, loss of property, and the denial of adequate medical care. (*Id.* at 5-8.)

Nearly all of the factual allegations concern events that occurred at FDC Miami, where Plaintiff was housed in the Secured Housing Unit ("SHU") for six months during her pretrial proceedings. (*Id.* at 4-5; *see also id.* at 5-7.) She alleges while in the SHU, she was "denied medical care;" exposed to "toxic fumes" twice; denied legal calls, law library, religious services, recreation, commissary, personal property, and hygiene items; and had limited access to over-the-counter medication and stamps. (*Id.* at 4-5.) She also alleges she sustained "colossal financial losses and emotional distress." (*Id.* at 5.)

The only factual allegation pertaining to FCI Dublin is upon her transfer there, she "reported severe trauma, PTSD, anxiety, [and] insomnia" (*id.* at 5), and "nearly three months" later, a non-defendant doctor examined her and prescribed her medication for eye swelling and itchiness. (*Id.* at 7.)

Her claims of false imprisonment, due process violations, denial of access to courts, negligent infliction of emotional distress, and property loss, are based entirely upon events that allegedly occurred at FDC Miami. (*See id.* at 5-8.) Her claim that she was deprived of adequate medical care under the Eighth Amendment is based upon events that principally occurred at FDC Miami. (*See id.* at 6.)

In her prayer for relief, Plaintiff only seeks compensation for the harm she allegedly suffered at FDC Miami. (*Id.* a 4-8; *see also id.* at 8 (praying for relief (damages) for "breach of official duty and breach of standard of care by prison officials and medical contractor(s) at FDC Miami as compensation for false imprisonment, denial of medical care, property loss, and

---

(ECF No. 1 at 3.) The Court does not construe this as an independent claim for relief, but rather an argument in support of her other claims.

2

1  infliction of emotional distress").)

2        The Court construes the pleadings to name three Defendants. Plaintiff names two

3  Defendants in the form complaint: William Marshall, the Director of the Federal Bureau of

4  Prisons ("FBOP") in Washington, D.C., and Melissa Rios-Marquez, the Director of the FBOP

5  Western Regional Office in Stockton, California. (*Id.* at 2.) The attachments name the United

6  States as a Defendant. (*Id.* at 4.)

## DISCUSSION

8        This district is not the proper venue for this case. Venue generally for a federal civil action

9  not based upon diversity is proper in a judicial district in which: "(1) any defendant resides, if all

10 defendants are residents of the state in which the district is located; (2) a substantial part of the

11 events or omissions giving rise to the claim occurred, or a substantial part of property that is the

12 subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction,

13 if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

14       Venue for Plaintiff's *Bivens* claims is governed by Section 1391(b). *See Patel v. Phillips*,

15 933 F.Supp.2d 153 (D.D.C. 2013); *Simpson v. Federal Bureau of Prisons*, 496 F.Supp.2d 187

16 (D.D.C. 2007). All the defendants do not reside in this district, this district is not where a

17 substantial part of the events relevant to this case occurred, and there is another district where this

18 action otherwise may be brought. As described above, the events alleged in the complaint

19 occurred principally at FDC Miami, which lies in the venue of the United States District Court for

20 the Southern District of Florida. Consequently, under 28 U.S.C. § 1391(b), this district is not the

21 proper venue for Plaintiff's *Bivens* claims; the proper venue is the United States District Court for

22 the Southern District of Florida.

23       With respect to Plaintiff's FTCA claims, such claims may only proceed in the judicial

24 district where the plaintiff resides or wherein the act or omission complained of occurred. *See* 28

25 U.S.C. § 1402(b). Plaintiff does not reside in this district, and while FCI Dublin is in this district,

26 the Court does not construe her pleadings to be bringing FTCA claims arising from her time at

27 FCI Dublin. The only claim Plaintiff brings arising from FCI Dublin is a constitutional tort claim,

28 i.e. inadequate medical care in violation of her Eighth Amendment rights. (ECF No. 1 at 2.) But

3

the FTCA does not encompass constitutional torts; it is limited to state law torts. *See FDIC v. Meyer*, 510 U.S. 471, 476-786 (1994). Plaintiff's FTCA claim based on state tort law—false imprisonment, negligent infliction of emotional distress, negligence, and loss of property—all arise from events that occurred at FDC Miami. (*Id.* at 4-7.) Therefore, Plaintiff's FTCA claims may proceed in the Southern District of Florida, where the acts or omissions she complains of occurred, or the District of Connecticut, where Plaintiff resides.

Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Because this district is the wrong venue, and the Southern District of Florida is a proper venue for both Plaintiff's *Bivens* and FTCA claims, in the interests of justice this case will be transferred to the Southern District of Florida.[2]

**CONCLUSION**

For the above reasons, this case is TRANSFERRED to the United States District Court for the Southern District of Florida. This Court defers to the Southern District of Florida to rule on Plaintiff's application to proceed in forma pauperis.

The Clerk shall transfer this case forthwith and terminate docket number 2 from this Court's docket.

**IT IS SO ORDERED.**

Dated: September 2, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] Plaintiff recently filed a case bringing some similar claims in the United States District Court for the Southern District of Florida, which was dismissed without prejudice. *See Nguyen v. United States of America*, No. C 25-22853 DSL (S.D. Fla.). She also filed a second case in this Court that is being dismissed as duplicative of claims in the instant case. *See Nguyen v. United States of America*, No. C 25-5560 JSC (N.D. Cal.).

4